José R. Rivera, Plaintiff, *v.* Banco Industrial de Puerto Rico, Defendant; Francisco Acevedo, Intervener and Appellant.

No. 5961.   Argued July 26, 1932.—Decided July 29, 1932.

*Largé & Acevedo* for intervener-appellant.   *G. de la Haba* for plaintiff.   *H. R. Francis, J. Henri Brown, C. Ruiz Nazario,* and *G. E. González* for defendant.

Mr. Justice Aldrey delivered the opinion of the Court.

In a receivership proceeding instituted by José R. Rivera against the Banco Industrial de Puerto Rico, Francisco Acevedo filed a complaint in intervention which he amended afterwards to set forth three causes of action. By the first cause of action it was sought to have it adjudged that the appointment of a receiver for said bank was null and void; by the

second, that the bank had not been dissolved and that it is solvent; and by the third, that a mortgage debt owing by the intervener to the bank be declared compensated with a credit assigned to him against said bank. The receiver demurred to this amended complaint for want of facts sufficient to constitute a cause of action, and the District Court of San Juan sustained the demurrer as to the first two counts, and gave defendant a term to answer the third. In view of that decision, the intervener requested that final judgment be entered, and thereupon the court dismissed the amended complaint in intervention so far as the first and second causes of action were concerned, and gave the receiver of the bank ten days in which to answer the third. The intervener then took an appeal from said judgment.

The appellee receiver has asked us to dismiss this appeal as being academic and ineffectual, on the ground that the bank assigned its mortgage credit against the intervener to the Treasurer of Puerto Rico, who instituted a summary foreclosure proceeding for the recovery thereof, in which proceeding the mortgaged property was conveyed to him, as evidenced by a certificate he has presented to us. The appellant has opposed such dismissal.

As we have already stated, this appeal has been taken from a judgment dismissing the first and second causes of action, wherein it was prayed that it be declared that the appointment of a receiver for the bank is null and void, and that the bank is not insolvent and has not been dissolved. Hence, the fact that the mortgage debt sought to be compensated by the third cause of action had been foreclosed does not render academic the appeal as to the first two causes of action, which are the object of this appeal.

By reason of the foregoing, the motion to dismiss the appeal must be denied.